**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

KAYRA M. HERNÁNDEZ

   **Plaintiff,**

            v.

CASA FEBUS, INC., et al                    **CIVIL NO. 21-1588 (RAM)**

   **Defendants.**

_____

**TEMPORARY RESTRAINING ORDER, SEIZURE ORDER,
AND ORDER TO SHOW CAUSE**

**I. PRELIMINARY FINDINGS**

Having considered Plaintiff Kayra Hernández's ("Plaintiff" or "Ms. Hernández") *Ex Parte Motion for Temporary Restraining Order, Seizure Order, and Order to Show Cause* (Docket No. 3); the supporting *Memorandum of Law* (Docket No. 3-1); as well as the Verified *Complaint* and its exhibits (Docket Nos. 2 through 2-6), the Court makes the following *preliminary findings*:

1. Ms. Hernández has established *prima facie* that this Court has jurisdiction over the parties and the subject matter of this action.

2. Ms. Hernández established *prima facie* evidence of ownership of copyrights over works titled Nativity Collection (the "Copyrighted Works"), via a Certificate of Registration issued by the Copyright Office effective on December 10, 2017, Registration Number VA 2-109-168. (Docket No. 2-3).

Civil No. 21-1588(RAM)                                                    2

3. Plaintiff established that she has exclusive rights over the
   Copyrighted Works and that Defendants Casa Febus, Inc. and
   Casa Febus FL 1, LLC (collectively "Defendants" or "Casa
   Febus") are not authorized to reproduce, manufacture, import,
   distribute, sale, offer for sale, or display copies or
   reproductions of the products incorporating the Copyrighted
   Works. (Docket Nos. 2-1 ¶¶ 10, 24; 2-3).

4. Ms. Hernández has shown that Defendants are manufacturing,
   importing, distributing, selling, offering for sale, and
   displaying counterfeit copies or illegal reproductions of the
   Copyrighted Works. (Docket Nos. 2-1 ¶¶ 16-19, 26; 2-4).

5. Ms. Hernández is likely to prevail on her claims of copyright
   infringement.

6. Ms. Hernández is suffering immediate and irreparable injury
   as a result of the Defendants' manufacture, importation,
   distribution, display, sale and offer for sale of illegal
   copies or reproductions of the Copyrighted Works. She will
   continue to suffer irreparable harm and injury if a temporary
   restraining and a seizure order is not issued.

7. It is impracticable to give notice to Defendants prior to the
   issuance of this temporary restraining and seizure order
   because of the likelihood that the Defendants or persons
   acting in concert or association with them will secrete, hide,
   or destroy the counterfeit or infringing products and the

documents, records, and evidence of such infringement, if given notice.

8. Therefore, the entry of any order other than a seizure and impounding order without notice will be inadequate to protect the rights of the Plaintiff.

9. Ms. Hernández has not publicized its proposed seizure order.

10. The items subject of the seizure shall be at the locations identified in paragraph 10 of the *Verified Complaint* and include each of the Defendants' places of business, namely:

    a. The Florida Mall
       Space #194 80001 S Orange Blossom Trail
       Orlando, FL 32809
       Tel. (407) 734-5580

    b. KISSIMMEE
       1397 E Osceola Pkwy
       Kissimmee, FL 34744
       Tel. (407) 201-8774

    c. WATERFORD LAKES TOWN CENTER
       657 N Alafaya Trl
       Orlando FL 32828
       Tel. (321) 800-6097

    d. BAYAMÓN
       Decoration Center, Carr. #2 Marginal 15 St.
       Jardines de Caparra
       Bayamon, PR 00960
       Tel. (787) 787-7220

    e. PLAZA LAS AMERICAS
       525 Ave. Franklin Delano Roosevelt
       San Juan, PR 00918
       Tel. (787) 765-0692

    f. MONTEHIEDRA
       The Outlets at Montehiedra #011118
       San Juan, PR 00926

Tel. (787) 789-5455

g. CAROLINA
   Plaza Carolina Local #163
   Carolina, PR 00983
   Tel. (787) 257-2779

h. CAGUAS
   Las Catalinas Mall
   Caguas, PR 00725
   Tel. (787) 286-0637

i. HATILLO
   Carr. #2 Km 85.2
   Bo. Carrizales
   Hatillo, PR 00659
   Tel. (787) 820-8801

j. MAYAGÜEZ
   Carr. #2 Km 15.2
   Bo. Algarrobo
   Mayagüez, PR 00680
   Tel. (787) 986-2989

(Docket No. 2 ¶ 10).

11. The potential harm that may be caused to Defendants is not sufficient to preclude the Court from issuing this order.

12. The equities in this matter weigh heavily in Ms. Hernández' favor and thus for the issuance of this temporary restraining and seizure order.

13. The public interest, as embodied in the Copyright Act of 1976, will be furthered by the issuance of this order prohibiting Casa Febus from continuing to infringe upon Plaintiff's copyrights.

## II. SHOW CAUSE ORDER FOR PRELIMINARY INJUNCTION

Therefore, it is hereby **ORDERED** that Defendants **SHALL** show cause in the United States District Court for the District of Puerto Rico, before the undersigned at the United States Courthouse, located at 150 Carlos Chardón Avenue, San Juan, Puerto Rico in Courtroom 7, on December 16, 2021 at 1:00 o'clock PM, or as soon thereafter as the parties and/or their attorneys can be heard by the Court, why an Order should not be issued granting Ms. Hernández a Preliminary Injunction pursuant to Fed. R. Civ. P. 65 and enjoining Defendants, their officers, directors, agents, servants, employees, attorneys, assigns and those persons in active concert or participation with them who receive actual notice of the Order, pending the trial and the determination of this action, or until further notice of this Court from:

A. imitating, copying or making unauthorized reproductions of the Copyrighted Works;

B. manufacturing, producing, importing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product that is a simulation, reproduction, counterfeit, copy, or colorable imitation of the Copyrighted Works or any other indicia associated with Ms. Hernández;

C. using any simulation, reproduction, counterfeit, copy or colorable imitation of the Copyrighted Works;

D. transferring, consigning, selling, shipping or otherwise moving any products in Defendants' possession, custody or control bearing a Copyrighted Work and/or that is substantially similar to the Copyrighted Works;

E. engaging in any other activity constituting an infringement of Ms. Hernández' copyright interest in the Copyrighted Works;

F. disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, distribution, purchase, sale or offer for sale of any products bearing a Copyrighted Work and/or that substantially similar to the Copyrighted Works; or

G. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

Additionally, the parties are **ORDERED** to exchange exhibits and names of witnesses they intend to use at the preliminary injunction hearing by December 15, 2021.

Civil No. 21-1588(RAM)                                                 7

### III. <u>**TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER**</u>

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 65, Section 503 of the Copy Right Act, 17 U.S.C. § 503(a), and Section 34 of the Lanham Act, 15 U.S.C. § 1116, that pending the hearing on, and the determination of, Plaintiff's request for a Preliminary Injunction, but in no event for a period in excess of **fourteen (14) days** from the effective date of this Order, that the Defendants, their officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Order, are temporarily restrained from:

A. imitating, copying, or making unauthorized reproductions of the Copyrighted Works;

B. manufacturing, producing, importing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product that is a simulation, reproduction, counterfeit, copy, or colorable imitation of the Copyrighted Works or any other indicia associated with Plaintiff;

C. using any simulation, reproduction, counterfeit, copy or colorable imitation of the Copyrighted Works;

D. transferring, consigning, selling, shipping or otherwise moving any products in Defendants' possession, custody or

Civil No. 21-1588(RAM)                                            8

      control bearing a Copyrighted Work and/or that is substantially similar to the Copyrighted Works;

E. engaging in any other activity constituting an infringement of Ms. Hernández' copyright interest in the Copyrighted Works;

F. disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, distribution, purchase, sale or offer for sale of any products bearing a Copyrighted Work and/or that substantially similar to the Copyrighted Works; or

G. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

      **IT IS FURTHER ORDERED** that, on or before **December 14, 2021**, the U.S. Marshal for the District, or one or more of his deputies, or, if the United States Marshal or such deputies are unavailable, other local law enforcement officers, assisted by one or more attorneys, agents, employees and/or investigators authorized by Ms. Hernández, shall search, seize, and impound within the

Defendants' places of business (which includes any vans, trucks or other vehicles located at Defendants' places of business or storage areas or warehouses) or at such other locations or vehicles as the Defendants and/or their agents may disclose to the U.S. Marshal, any and all of the following which is in the possession, custody or control of the Defendants:

1. items which incorporate any of Copyrighted Works, or which are colorable imitations of the Copyrighted Works;

2. advertising and promotional materials for or relating to any of the infringing products identified in item 1 above; and

3. any and all documents, including notes, records, correspondence, ledgers, invoices, receipts, computer records or computer databases related to the infringing products identified in item 1 above; and, if necessary, to effectuate seizure of such computer records, to seize any and all computer equipment upon which records, or documents are stored; and any other materials which refer or relate to:

   a) products identified in item 1 above, which incorporate any of the Copyrighted Works, or which are colorable imitations of the Copyrighted Works;

   b) Defendants' manufacture, procurement and/or disposition of such products; and

c) individual or business entities with whom the Defendants have dealt with related to the manufacture, procurement, or disposition of such products.

**FURTHER ORDERED** that any agent or employee of Defendants approached during this seizure shall immediately identify himself or herself, giving their current address, and showing picture identification if they possess the same, and further each and every location known to him or her, where any of the items 1 to 3 noted above may be found including any adjacent structures, cars, vans, or trucks parked within the vicinity of the Defendants' places of business or elsewhere; and

**FURTHER ORDERED** that personal service of the Summons and the Verified Complaint and of this Temporary Restraining Order, Seizure Order, and Order to Show Cause, together with copies of the papers in support thereof, may be made by the U.S. Marshal or other law enforcement or by Plaintiff's attorneys or their duly qualified agents or employees on the Defendants or their agents or employees operating out of the above locations and that such service shall be deemed sufficient service. Additionally, to the extent any of the Defendants have multiple locations identified above, service may be accomplished as to any such Defendant at any of the listed locations for that Defendant, and need not be made at every location that a particular Defendant operates; and

**FURTHER ORDERED** that Ms. Hernández' agents shall promptly inspect the items seized and, if any items are found to be products which do not infringe her copyrights, such items are to be returned to Defendants within **fourteen (14) days** of the date of the seizure.

## IV. <u>PROTECTIVE ORDER</u>

**IT IS FURTHER ORDERED**, pursuant to Section 503(a)(2) of the Copyright Act, 17 U.S.C. § 503(a)(2), and until further order of the Court, any documents, including notes, records, correspondence, ledgers, invoices, receipts, computer records or computer databases seized from Defendants pursuant to the previous section **shall not** be disclosed to third parties and may **only** be used for purposes of this litigation and no other purpose.

## V. <u>BOND ORDER</u>

**IT IS FURTHER ORDERED** that this Temporary Restraining Order and Seizure Order are conditioned upon Plaintiff's filing with the Clerk of the Court within **fourteen (14) days** of the entry of this Order an undertaking in the form of a bond or certified check from Plaintiff, totaling the amount of **$25,000.00** for the payment of such costs and damages which may be incurred or suffered by Defendants if they have been found to have been wrongfully enjoined or restrained or any of their property wrongfully seized.

## VI. <u>ORDER SEALING FILE</u>

In light of the *Ex Parte Motion for Temporary Restraining Order, Seizure Order, and Order to Show Cause* (Docket No. 3); the

supporting *Memorandum of Law* (Docket No. 3-1); as well as the Verified *Complaint* and its exhibits (Docket Nos. 2 through 2-6), and pursuant to 15 U.S.C. § 1116(d)(8);

And it appearing to the Court that immediate and irreparable injury, loss, or damage will occur to Plaintiff should the Defendants be given notice and their attorney heard in opposition to the granting of this Order, or should the Defendants learn of this action before the seizure ordered concurrently by this Court is completed;

And it appearing to the Court that it is likely that the Defendants may secret the infringing products to be seized pursuant to the Order of this Court or that such notice will otherwise warn Defendants of the impending seizure so that they may be able to frustrate the intent and purpose of the seizure order issued concurrently by this Court;

It is **ORDERED** that the Clerk of this Court shall temporarily seal the Court file of the instant case until seizure and impoundment of Defendants' infringing products and related business records as ordered concurrently by this Court is completed and, further, that the Defendants are given the opportunity of a hearing on the Preliminary Injunction as noted above.

## VII. CONCLUSION

The Court has granted the foregoing Temporary Restraining Order and Seizure Order without prior written or oral notice to

Defendants for the reasons set forth above. There is a substantial likelihood that the Defendants' continued infringement of Plaintiff's copyrights and trade dress has caused, and will continue to cause, the Plaintiff to suffer immediate and irreparable injury and harm. Such injury and harm include the loss of income, interference with Ms. Hernández' ability to market and license the Copyrighted Works, confusion in the marketplace as to the duly authorized source of the Copyrighted Works, and impairment of Plaintiff's further exploitation of her rights in her Copyrighted Works and her trade dress.

This Temporary Restraining Order and Seizure Order has been granted *ex parte* because it is the sole method of preserving the current state of affairs and is the sole means whereby the Court can provide effective final relief. If notice were required, such notice might well render fruitless further prosecution of this action. Specifically, the infringing products may disappear, be secreted, or surreptitiously transferred to some other entity for subsequent sale, or information relating to the source and amounts of such products might disappear. In sum, giving the Defendants notice of the application for an injunction could result in an inability to provide any relief at all. This is contrary to the normal and intended role of "Notice" within the meaning of Fed. R. Civ. P. 65(b).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of December 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge